IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ANONYMOUS,

    Petitioner,

v.

SEAN ERVIN, et al.,

    Respondents.

CIVIL ACTION NO.: 5:23-cv-40

**O R D E R**

This matter is before the Court on Petitioner's Motion to Seal. Doc. 1. Petitioner seeks to have all filings in this case filed under seal, including all references to his name or of any affiant or witness. Id. at 2–3. Petitioner asks for these matters to be kept under seal until the parties reach an agreement on lifting the stay. Id. at 3.

The right of public access is an essential component of our system of justice. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). This right, however, is not absolute and "may be overcome by a showing of good cause." Beck v. Shinseki, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." Id.; see Romero, 480 F.3d at 1246 (listing certain factors for a court to consider, including if allowing access would impair court functions or harm legitimate privacy interests, "the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents").

"Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." Usry v. EquityExperts.org, LLC, CV 116-10, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)).

As an initial matter, it is important to note Petitioner seeks to seal a petition for writ of habeas corpus and accompanying exhibits and motions. This petition and supporting exhibits will directly impact the final adjudication of the case. "The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that directly affect an adjudication than for documents, such as certain discovery materials, that come within a court's purview solely to insure their irrelevance." Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). As Petitioner seeks to have a petition for writ of habeas corpus—which appears to be the same or similar to many other habeas petitions this Court has reviewed and disposed of without sealing—and all related documents and filings under seal, Petitioner must overcome a very strong presumption of openness.

Petitioner has not made the necessary showing to overcome the presumption of the public right of access. In reviewing the contents of his Motion to Seal, petition, and accompanying exhibits, Petitioner fails to show why his filings should be sealed. In addition, the petition and relief requested do concern public officials, as shown by the entities Petitioner names as Respondents. See Romero, 480 F.3d at 1246. This factor weighs in favor of not sealing the documents. Additionally, the degree and likelihood of injury to Petitioner if any information is made public would likely be relatively minimal in comparison to the public's interest in its right of access to the courts based on the information before the Court. And while Petitioner asks for

certain information to be redacted, which is a less onerous method of keeping the sensitive information private, he fails to show any such information is indeed sensitive or otherwise entitled to privacy.

Petitioner has not made the required showing of good cause to overcome the right of public access.  Thus, the Court **DENIES** Petitioner's Motion to Seal.  The Court **DIRECTS** the Clerk of Court to return all submitted materials to Petitioner, along with a copy of this Order. Petitioner may then consider whether he wishes to pursue this matter in the ordinary course (i.e., as a publicly accessible action).  Local R. 79.7(c).

**SO ORDERED**, this 19th day of May, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA