IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

HARRINGTON CAMPBELL,

    Petitioner,

v.

SEAN ERVIN, et al.,

    Respondents.

CIVIL ACTION NO.: 5:23-cv-40

### REPORT AND RECOMMENDATION

Respondents filed two Motions to Dismiss Petitioner Harrington Campbell's ("Campbell") 28 U.S.C. § 2241 Petition. Docs. 11, 22. I ordered Campbell to respond to each Motion. Doc. 12, 23. Campbell responded to one Motion but not the other, and his time to do so has expired. Campbell was also required to notify the Court of any change in address, but he has failed to do so, and it now appears Campbell has been removed to Jamaica. Therefore, as explained in more detail below, I **RECOMMEND** the Court **DENY as moot** Respondents' first Motion to Dismiss, **GRANT as unopposed** Respondents' second Motion to Dismiss, **DISMISS without prejudice** Campbell's § 2241 Petition for Writ of Habeas Corpus, doc. 4, for failure to follow this Court's Orders and Local Rules, and **DENY as moot** Campbell's Motions for Restraining Orders, docs. 5, 8, 19, 21. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Campbell leave to appeal *in forma pauperis*.

**BACKGROUND**

On May 16, 2023, Campbell attempted to file his § 2241 Petition under seal, which the Court denied.  Docs. 1, 2.  On June 6, 2023, Campbell filed an "Amended" Petition and his motion for leave to proceed *in forma pauperis*.  Docs. 4, 6.  I granted the motion for leave to proceed *in forma pauperis* and ordered service of the Petition.  Doc. 7 at 2.  In that Order, I warned Campbell his failure to notify the Court of any change in address could result in the dismissal of his cause of action.

Respondents filed their first Motion to Dismiss on July 5, 2023, to which Campbell responded.  Docs. 11, 20.  Respondents filed their second Motion to Dismiss on July 31, 2023, arguing Campbell's Petition is moot due to Campbell's removal to Jamaica.  Doc. 22.  On August 1, 2023, I ordered Campbell to file a response to this Motion to Dismiss within 14 days and warned Campbell his failure to do so would result in the Court granting the Motion to Dismiss as unopposed and the dismissal of this cause of action.  Doc. 23.  This Court's mailing was returned as undeliverable to the address Campbell provided, with the notations: "Return to Sender, No Longer Here" and "Return to Sender, Not Deliverable as Addressed, Unable to Forward."  Doc. 24 at 3.  This Court's Local Rules require pro se parties to notify the Court of any change in address, Local R. 11.1, which Campbell has not done.

**DISCUSSION**

The Court must now determine how to address Campbell's failure to comply with this Court's Orders and Local Rules.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Campbell's Petition and **DENY** Campbell leave to appeal *in forma pauperis*.

**I.      Dismissal for Failure to Follow This Court's Orders and Local Rules**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.[1] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would

---

[1]      Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.

[2]      In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Campbell his failure to notify the Court of any change in address or respond to the second Motion to Dismiss would result in dismissal of this action.  Docs. 7, 23.

not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

With Campbell having failed to update his address, respond to Respondents' second Motion to Dismiss, or otherwise comply with the Court's Orders and Local Rules, the Court cannot proceed in this case.  Campbell was given notice of the consequences of his failure to follow the Court's Orders and Local Rules, and Campbell has not done so.  Thus, the Court should **DISMISS without prejudice** Campbell's § 2241 Petition, doc. 4, for failure to follow

4

this Court's Orders and Local Rules and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Campbell leave to appeal *in forma pauperis*. Though Campbell has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Campbell's failure to follow this Court's Orders and Local Rules, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Campbell *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondents' first Motion to Dismiss, **GRANT as unopposed** Respondents' second Motion to Dismiss, **DISMISS without prejudice** Campbell's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, doc. 4, for failure to follow this Court's Orders and Local Rules, and **DENY as moot** Campbell's Motions for Restraining Orders, docs. 5, 8, 19, 21.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Campbell leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA